FILED
NOVEMBER 14, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREENWICH INVESTORS XXIV, LLC, | ) | **07 C 6466** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Case No. | |
| | ) | **JUDGE HART** |
| WALTER JOHNSON II, ANN L. DOMIKAITIS, | ) | **MAGISTRATE JUDGE ASHMAN** |
| A AND W, INC. and | ) | |
| ENTERPRISE INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Greenwich Investors XXIV, LLC, by its attorneys, Jason D. Altman and David C. Kluever of Kluever & Platt, LLC, and for its complaint against the defendants, Walter Johnson II, Ann L. Domikaitis, A and W, Inc. and Enterprise Industries, Inc., states as follows:

## PARTIES

1.  Plaintiff Greenwich Investors XXIV, LLC ("Greenwich") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of California. Greenwich's sole member is WMD Capital Partners Fund, LLC ("WMD"). WMD is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of California. WMD's members are Steve Gumins, a citizen of the State of California, Dennis E. Carlton, a citizen of the State of California, Michael D. Thomas, a citizen of the State of California, and WM Daugherty & Company, LLC ("WM"), a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of California. WM's members are

William M. Daugherty, a citizen of the State of California and Dennis E. Carlton, a citizen of the State of California.

2. Defendant Walter Johnson II ("Johnson") is a citizen of the State of Illinois, residing in Chicago, Cook County, Illinois.

3. Defendant Ann L. Domikaitis ("Domikaitis") is a citizen of the State of Illinois, residing in Palos Park, Cook County, Illinois.

4. Defendant A and W, Inc. ("AW") is a corporation organized under the laws of the State of Illinois, with its principal place of business in Frankfort, Will County, Illinois.

5. Defendant Enterprise Industries, Inc. ("Enterprise") is a corporation organized under the laws of the State of Illinois, with its principal place of business in Frankfort, Will County, Illinois.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a). The matter in controversy is between citizens of different states, and the amount in controversy exceeds the sum and value of $75,000.00, exclusive of interest and costs.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that the defendants reside in this judicial district.

## COUNT I – BREACH OF PROMISSORY NOTE – JOHNSON AND DOMIKAITIS

8. On or about March 17, 2003 Johnson and Domikaitis obtained a loan from The Northern Trust Company ("The Northern") in the original principal amount of $340,670.08. Such indebtedness is evidenced by a Promissory Note attached and incorporated herein as Exhibit A (the "Note").

9. The Original Note provides the Borrowers were jointly and severally liable to repay the indebtedness evidenced by the Note.

10. The Note matured and came due by its terms on April 30, 2003.

11. As the indebtedness evidenced by the Note had not been repaid following maturity on and after April 30, 2003, and despite demands for payment by The Northern, The Northern entered into a Forbearance Agreement dated December 15, 2003. The Forbearance Agreement provided for the payment of certain installments on account of the indebtedness evidenced by the Note with the outstanding balance including all principal and interest to be paid on October 31, 2004. The Forbearance Agreement is attached and incorporated herein as Exhibit B.

12. The Borrowers failed to pay the full amount of the loan indebtedness upon maturity of the loan on October 31, 2004, and accordingly, the Borrowers have breached the terms and conditions of the Note and the Forbearance Agreement.

13. The Northern transferred, assigned and conveyed the Note to Greenwich by an Allonge to the Note dated May 2, 2007, a copy of which is attached and incorporated herein as Exhibit C.

14. After giving Borrowers credit for all payments remitted on the loan, Borrowers owe $114,482.47 under the terms of the Note, plus interest which continues to accrue at the default rate of 6.25% per annum at the *per diem* rate of $19.8754288 per day. As of November 9, 2007, the Borrowers owe accrued unpaid interest of $15,379.36 for a total amount due of $129,861.83, plus additional interest accruing from November 9, 2007 through judgment.

15. Greenwich is entitled to its attorney's fees and court costs from the Borrowers in accordance with the terms of the Note.

16. Greenwich has performed the terms and conditions of the Note.

WHEREFORE, Plaintiff, Greenwich Investors XXIV, LLC moves that this Court enter judgment in its favor and against the defendants Walter Johnson II and Ann L. Domikaitis jointly and severally in the amount of $129,861.83 plus additional interest accruing from and after November 9, 2007 through the date of judgment, plus Greenwich Investors XXIV, LLC's attorney's fees and court costs in this action.

### COUNT II – BREACH OF GUARANTY – AW

17-25  Greenwich restates paragraphs 8 through 16 of Count I as paragraphs 17 through 25 of Count II, as though fully set forth herein.

26. Contemporaneously with the making of the Note and as a material inducement to The Northern to extend credit and make the subject loan to Borrowers, AW as guarantor, executed a Commercial Guaranty (the "AW Guaranty") in favor of the Northern dated March 13, 2003 personally guaranteeing repayment of the indebtedness evidenced by the Note. A copy of the AW Guaranty is attached and incorporated herein as Exhibit D.

27. AW's obligations as guarantor run to and for the benefit of Greenwich as the AW Guaranty provides that it inures to the benefit of successors and assigns of The Northern, and includes all indebtedness of the Borrowers under the Note "together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note."

28. On May 2, 2007, The Northern assigned the AW Guaranty to Greenwich.

29. Despite repeated demands, AW has refused and otherwise failed to pay the amounts due Greenwich as alleged above, and has thereby breached its obligations under the AW Guaranty.

30. As a direct and proximate result of AW's failure and refusal to pay the sums due Greenwich as holder of the indebtedness, Greenwich has sustained damages in excess of $129,861.83.

31. Greenwich is entitled to an award of attorney's fees, court costs and expenses incurred in this action, pursuant to the terms of the AW Guaranty.

32. Greenwich has performed the terms and conditions of the AW Guaranty.

WHEREFORE, Plaintiff, Greenwich Investors XXIV, LLC moves that this Court enter judgment in its favor and against A and W Inc., for $129,861.83 together with interest thereon from and after November 9, 2007 through the date of judgment, plus Greenwich Investors XXIV, LLC's attorney's fees and court costs in this action.

## COUNT III – BREACH OF GUARANTY - ENTERPRISE

33-41 Greenwich restates paragraphs 8 through 16 of Count I as paragraphs 33 through 41 of Count III, as though fully set forth herein.

42. Contemporaneously with the making of the Note and as a material inducement to The Northern to extend credit and make the subject loan to Borrowers, Enterprise as guarantor, executed a Commercial Guaranty (the "Enterprise Guaranty") in favor of the Northern dated March 13, 2003 personally guaranteeing repayment of the indebtedness evidenced by the Note. A copy of the Enterprise Guaranty is attached and incorporated herein as Exhibit E.

43. Enterprise's obligations as guarantor run to and for the benefit of Greenwich as the Enterprise Guaranty provides that it inures to the benefit of successors and assigns of The Northern, and includes all indebtedness of the Borrowers under the Note "together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note."

44. On May 2, 2007, The Northern assigned the Enterprise Guaranty to Greenwich.

45.     Despite repeated demands, Enterprise has refused and otherwise failed to pay the amounts due Greenwich as alleged above, and has thereby breached its obligations under the Enterprise Guaranty.

46.     As a direct and proximate result of Enterprise's failure and refusal to pay the sums due Greenwich as holder of the indebtedness, Greenwich has sustained damages in excess of $129,861.83.

47.     Greenwich is entitled to an award of attorney's fees, court costs and expenses incurred in this action, pursuant to the terms of the Enterprise Guaranty.

48.     Greenwich has performed the terms and conditions of the Enterprise Guaranty.

WHEREFORE, Plaintiff, Greenwich Investors XXIV, LLC moves that this Court enter judgment in its favor and against Enterprise Industries, Inc. for $129,861.83 together with interest thereon from and after November 9, 2007 through the date of judgment, plus Greenwich Investors XXIV, LLC's attorney's fees and court costs in this action.

                                        GREENWICH INVESTORS XXIV, LLC


                                        By: s/Jason D. Altman_____
                                              One of its attorneys

Jason D. Altman (ARDC# 6224378)
Kluever & Platt, LLC
65 East Wacker Place, Suite 2300
Chicago, Illinois 60601
(312) 236-0077